## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| ALANE JOY LEE, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )  No.  2:16-cv-97-GZS |
| | ) |
| PAUL LEPAGE, Governor of the State of | ) |
| Maine, et al., | ) |
| | ) |
|     Defendants | ) |

### ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND RECOMMENDING DISMISSAL OF THE CASE IN ITS ENTIRETY

The plaintiff, appearing *pro se*, alleges violations of the federal constitutional rights of her adult daughter and several other charges under state and possibly federal law against the governor of the State of Maine; the police department of Scarborough, Maine; and unidentified "police officers" of Cumberland and York Counties. Legal Complaint regarding filing criminal and civil charges against Maine Governor Le[P]age, Scarborough Maine Police, Cumberland County and York County Police Officer[s] in conjoined[] and extended abuse charges[] ("Complaint") (ECF No. 1). I grant the plaintiff's request for leave to proceed in forma pauperis but recommend that the court dismiss the action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). However, section 1915(e)(2)(B) also provides, in relevant part:

> [T]he court shall dismiss the case at any time if the court determines that
>   (B) the action or appeal  --
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or

       (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Nietzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Ct. S. D. Iowa*, 490 U.S. 296, 307-08 (1989) ("[28 U.S.C. § 1915], for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.")

Here, the plaintiff has filed an application to proceed without paying fees or costs, signed under penalties of perjury, that states that she receives a monthly Social Security payment of $844.00, has $1,000 cash on hand, owns a 2000 Subaru which she values at $2,750, owns land valued at $3,000, and has monthly expenses, including the cost of supporting her adult daughter, of approximately $1,100. Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) at 1-2. She accordingly qualifies to proceed *in forma pauperis*, and her application to do so is **GRANTED**.[1]

With the in forma pauperis application granted, I review the plaintiff's complaint under section 1915(e)(2)(B). As noted above, the statute that provides for waiver of the filing fee also requires the court to determine whether the plaintiff's case may proceed. In other words, the

---

[1] The plaintiff also requests "referral to a Pro Bono attorney or court-appointed representation." Alane Joy Lee, representative petitioning for Plaintiff: Kim Alane Chapman for res[]titution for []illegal actions taken against her as stated in legal complaint dated 02/12/2016 (ECF No. 3-1) at 1. This court cannot appoint counsel to represent plaintiffs who qualify for *in forma pauperis* status in civil actions without evidence of exceptional circumstances, which have not been shown to be present here. *Fontaine v. Astrue*, Civil No. 08-429-P-S, 2009 WL 1032853, at *1 (D. Me. Apr. 15, 2009). Nor does this court refer *pro se* plaintiffs to attorneys who might represent them in civil actions free of charge. The complaint does assert that it is "filing criminal . . . charges" against the defendants, Complaint at 1, but only the state or federal government can bring criminal charges. *Keyter v. Senators of the 111th Congress*, Civil Nos. 9-516-B-W, 9-517-B-W, 9-518-B-W, 2009 WL 3839335, at *1 (D. Me. Nov. 17, 2009).

plaintiff's complaint must be dismissed if the court finds it to be frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  In this regard, a *pro se* plaintiff's complaint must be read liberally.  *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002).

In this case, the fact that the plaintiff brings this action "[a]s Advocate, mother, and representative to the US Social Security Administration for my disabled Daughter" is dispositive. The legal principle that a parent who is not a licensed attorney may not represent her child, whether a minor or adult, in a civil action in federal court has long been recognized by this court.  *See, e.g., Austin v. Town of Dexter*, 552 F.Supp.2d 38, 39 (D. Me. 2008), and by binding precedents from the First Circuit Court of Appeals, *e.g., O'Diah v. Volkswagen of Am., Inc.*, 91 Fed. App'x 159, 160, 2004 WL 67331, at **1 (1st Cir. 2004).  The fact that the plaintiff describes her daughter as "disabled" does not allow this court to override that principle.  *See, e.g., Clauden v. Commissioner of Soc. Sec.*, No. 4:10CV00034, 2011 WL 2003445, at *1 (W.D. Va. May 24, 2011) (listing the "vast majority" of circuit courts of appeal that had held that non-attorney parents may not litigate the claims of their minor children in court).  The same is true for parents of adult children, *e.g., Hickey v. Wellesley School Comm.*, 14 F.3d 44 (table), 1993 WL 527964 at *2 n.1 (1st Cir. Dec. 21, 1993) (adult child may not be represented by parent), and for parents of a disabled child, *Jones v. Syntex Labs., Inc.*, 212 F.Supp.2d 788, 788 (N.D. Ill. 2001).

The plaintiff is not a member of the bar of this court, and that is fatal to her claim brought on behalf of her adult daughter here.

For the foregoing reasons, the plaintiff's application to proceed *in forma pauperis* is **GRANTED,** and I recommend that the complaint be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 10th day of June, 2016.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge